IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY WILLIAMS, | Civil No. 3:16-cv-145 |
| Petitioner | (Judge Mariani) |
| v. | |
| DAVID J. EBBERT, | |
| Respondent | |

## **MEMORANDUM**

On January 27, 2016, Petitioner Anthony Williams filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 1997 federal criminal conviction and sentence in the United States District Court for the Northern District of Florida. (Doc. 1). At the time his petition was filed, Williams was confined at the United States Penitentiary in Lewisburg, Pennsylvania. For relief, Williams seeks release from custody. (*Id.* at p. 8). On September 9, 2016, Respondent filed a suggestion of mootness stating that Williams was released from the federal sentence that he is challenging in the instant petition. (Doc. 14). Respondent asserts that the habeas petition is therefore moot. (*Id.*). For the reasons set forth below, the petition for writ of habeas corpus will be dismissed as moot.

I.  **Background**

On April 8, 1997, Williams was convicted in the United States District Court for the Northern District of Florida of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g), 924(e). *See United States v. Williams*, No. 4:97-cr-00009 (N.D. Fla.) at

(Docs. 22, 36); see also United States v. Williams, 2012 WL 6055931, *1 (N.D. Fla. 2012). At sentencing, it was determined that Williams was an armed career criminal subject to a mandatory minimum fifteen-year sentence. Id. Williams was sentenced to 288 months' imprisonment and five years of supervised release. Id.

Based on Johnson v. United States, 135 S.Ct. 2551 (2015), the sentencing court recently determined that Williams is no longer an armed career criminal. See United States v. Williams, No. 4:97-cr-00009 (N.D. Fla.) at (Docs. 129, 130). The court found that the maximum sentence that could be imposed is ten years, and Williams had served longer than ten years. (Id.). Therefore, the sentencing court amended the judgment and reduced Williams' term of imprisonment to time-served as of July 15, 2016, and changed the term of supervised release to three years. (Id.).

A review of the Federal Bureau of Prisons' Inmate Locator reveals that Williams was released from federal custody on July 15, 2016. See https://www.bop.gov.

## II. **Discussion**

Article III of the Constitution provides that the "judicial Power shall extend to. . . Cases. . . [and] to Controversies." U.S. Const. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.' Khodara Envtl., Inc. v. Beckman, 237 F.3d 186, 192-93 (3d Cir. 2001). The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a

plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must e dismissed as moot.' *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996). Moreover, the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. *See Khodara Envtl., Inc.*, 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472 (1990)." *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001). Finally, federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002). Once a petitioner has been released from custody, "some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

In the instant petition, Williams argues that his sentence under the Armed Career Criminal Act is erroneous based on *Johnson v. United States*. (Doc. 1). Williams' petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody. Further, Williams has failed to articulate any collateral consequences. *See Spencer v. Kemna*, 523 U.S. 1, 14-18, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (petitioner's purported injuries in fact—that parole revocation could be used against him in future parole proceedings, to increase his sentence in future sentencing proceedings, to impeach him should he appear as a witness or litigant in a future judicial proceeding, or as a defendant in a future criminal proceeding—were insufficient to establish a collateral

consequence); *United States v. Ebersole*, 263 F. App'x 251 (3d Cir. 2008) (extending *Spencer* to revocations of supervised release). As there is no longer a live case or controversy, and Williams has received the relief he requested, namely release, the petition for writ of habeas corpus will be dismissed as moot.

    A separate Order shall issue.

Date: September 19, 2016

Robert D. Mariani
United States District Judge